UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JORGE FLORES,<br><br>      Plaintiff,<br><br>v.<br><br>GS HOLDINGS, LLC;<br>NICK GALBO; and<br>DOE 1-5<br><br>      Defendants. | Civil Action No. _____ |

**COMPLAINT**
**(Jury Trial Demanded)**

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. 1692 et seq. ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court exercises jurisdiction under 15 U.S.C. 1692k and 28 U.S.C. 1331. This District is of proper venue as Defendants are residents within this District and Defendants engaged in the activities alleged herein while so residing.

1

## PARTIES

3. Plaintiff, Jorge Flores (hereinafter "Plaintiff" or "Mr. Flores"), is a natural person residing in Oakland, California.  Defendant GS HOLDINGS, LLC is believed to be a limited liability company maintaining its principle place of business at 3800 Union Rd. Suite A in Cheektowaga, NY.  Defendant NICK GALBO is the proprietor and operator of GS HOLDINGS, LLC, a debt collector, and responsible for the policies and procedures of the company, including those giving rise to one or more of Plaintiff's causes of action herein.

4. Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOE 1-5, and therefore sues these defendants by such fictitious names.  Plaintiff will amend this Complaint to allege the true names and capacities once ascertained.  Plaintiff believes and thereon alleges that the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that such defendants are responsible to Plaintiff for damages and/or monies owed.

5. GS HOLDINGS, LLC, NICK GALBO, and DOE 1-5 shall hereafter be jointly referred to as "Defendants."

6. Defendants regularly operate as third-party debt collectors and are "debt collectors" as defined by 15 U.S.C. 1692a.

## FACTUAL ALLEGATIONS

7. Defendants began contacting Mr. Flores in an attempt to collect a consumer debt allegedly owed by Mr. Flores.

8. On September 16, 2013, Defendants left a voice mail message for Mr. Flores, the content of which is as follows: "This message is solely intended for Jorge Flores.  This is in

regards to a serious pending matter in our office that requires a mandatory response from your or your representing party.  You may press 1 now to be connected live to our office or call us back at 877-225-7952.  Failure to return this call may result in further processing procedures.  Thank you."

9. Defendants failed to provide Mr. Flores with debt validation information pursuant to 15 U.S.C. 1692g.

10. Concerned about the content of Defendants' message, Mr. Flores obtained counsel with Centennial Law Offices.

11. As a direct result of the collection activity herein alleged, Mr. Flores incurred legal fees of $1,555.00.

## CAUSES OF ACTION

### COUNT I

12. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692g with regards to Plaintiff as follows: Defendants continued in their collection efforts after failing to send Plaintiff debt validation information within 5-days of their initial contact with Plaintiff.

### COUNT II

13. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d(6) and 1692(e)11

with regards to Plaintiff as follows: In their messages to Plaintiff, Defendants failed to state that the calls were from a collection company and being made in an attempt to collect a debt.

### COUNT III

14. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692d and 1692e, with regards to Plaintiff as follows: Defendants misrepresented that a "mandatory response" was required of Plaintiff.

### COUNT IV

15. Plaintiff re-alleges paragraphs 1 through 11, inclusive, and by this reference incorporate the same as though fully set forth herein.  Plaintiff is informed and believes and herein alleges that Defendants, and each of them, violated 15 U.S.C. 1692f with regards to Plaintiff as follows: Defendants misrepresented that a "mandatory response" was required of Plaintiff.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, recovery for each cause of action in the alternative, as follows:

1.) For statutory damages in the amount of $1,000 pursuant to 15 U.S.C. 1692k(2);

2.) For actual damages of $1,555.00 for legal costs in responding to unlawful collection activity;

3.) For prejudgment interest in an amount to be proved at time of trial;

4.) For attorney's fees pursuant to 15 U.S.C. 1692(k);

4.) For the costs of this lawsuit; and

6.) For any other and further relief that the court considers proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Date:  September 12, 2014

                                                s/Robert Amador

                                                _____
ROBERT AMADOR, ESQ.
Attorney for Plaintiff JORGE FLORES
Centennial Law Offices
9452 Telephone Rd. 156
Ventura, CA. 93004
(888)308-1119 ext. 11
R.Amador@centenniallawoffices.com